304 F.2d 956
 113 U.S.App.D.C. 80
 The PENNSYLVANIA STATE UNIVERSITY, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents, American
Broadcasting-Paramount Theatres, Inc.,
and Rivoli Realty Company, Intervenors.
 No. 16593.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 1, 1962.
Decided June 21, 1962.
 
 Mr. Norman E. Jorgensen, Washington, D.C., with whom Messrs. Louis Schwartz and Robert A. Woods, Washington, D.C., were on the brief, for petitioner.
 Mr. Herman I. Branse, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, Gen. Counsel, Federal Communications Commission, Daniel R. Ohlbaum, Asst. Gen. Counsel, Federal Communications Commission, Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, and Richard A. Solomon, Atty., Dept. of Justice, were on the brief, for respondents.
 Messrs. James A. McKenna, Jr., and Vernon L. Wilkinson, Washington, D.C., were on the brief for intervenor, American Broadcasting-Paramount Theatres, Inc.
 Mr. John P. Southmayd, Washington, D.C., entered an appearance for intervenor, Rivoli Realty Company.
 Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a petition to review that portion of the Report and Order of the Federal Communications Commission released August 3, 1961, 21 Pike & Fischer, R.R., 1695, which dismissed a Petition for Rule Making filed on December 30, 1960, by petitioner, the Pennsylvania State University. Petitioner had requested that VHF Channel 3 be allocated to the community of State College, Pennsylvania, and that it be reserved for non-commercial educational use.
 
 
 2
 Petitioner now claims that (1) the Commission abused its discretion in refusing to allocate and reserve Channel 3 at substandard spacing[1] at State College for education use, and (2) that the Commission was arbitrary and capricious in its conclusion that a third full-time network commercial facility at Johnstown, Pennsylvania, was to be preferred to a first full-time non-commercial educational facility at State College.
 
 
 3
 We must reject petitioner's contentions, for reasons akin to those expressed in our recent decision in Joint Council on Educational Broadcasting and Rochester Area Educational Television Association, Inc. v. Federal Communications Commission, 113 U.S.App.D.C. , 305 F.2d 755 (1962).
 
 
 4
 Because of the public importance of the questions involved, it is necessary to note the precise limits of the Commission's holding. Thus, this case deals, as did the Joint Council case, with rejection of a proposal to reserve or allocate a channel for educational TV, rather than appeals from the award of a particular application. Here we have the further fact that 'short-spacing' is involved, a matter peculiarly within the Commission's expertise.
 
 
 5
 The statutory mandate to the Commission requires that it 'encourage the larger and more effective use of radio in the public interest' and that it provide 'a fair, efficient, and equitable distribution of radio service' to the states and communities of the Nation, 47 U.S.C.A. 303(g), 307(b), (1958). Such a mandate means that the Commission must consider, and attempt to meet, the needs of educational television, and of the public, as well as those of commercial interests. Should the Commission, in the future, demonstrate that it is neglecting this need, a different result may be required. This is not such a case.
 
 
 6
 Affirmed.
 
 
 
 [1]
 Short-spacing has been described as an 'interim' and 'extraordinary' measure to obtain increased coverage by VHF channels. In effect, it involves 'squeezing in' additional channels by allowing the facilities of different stations to be placed claoser together than would be allowed under the 'normal' minimum mileage separations between adjoining assignments